Inés Polanco de Cumpiano, Plaintiff and Appellant, v. Heirs of César A. Cumpiano y Polanco, Defendants and Appellees.

No. 4195. Argued April 4, 1927.—Decided April 21, 1927.

*García Méndez & García Méndez* for the appellant. *Federico Acosta Velardo* for the appellees.

Mr. Justice Franco Soto delivered the opinion of the court.

The appellees moved to dismiss the appeal, (first) because the record brought up to the court did not contain a true and faithful transcript of all the documents constituting the judgment roll, and (second) because, even admitting the correctness of the transcript, it is null and void because the certificate of the clerk does not bear the corresponding internal revenue stamps required by law.

This is an action of debt. A writ of attachment was applied for and granted against the property of the defendants, who were summoned by publication and defaulted in appearance. The trial court heard the evidence and sustained the complaint.

The appellees then moved to set aside the judgment and open the default on the ground that the court had not acquired jurisdiction over the defendants. The court sustained that motion and the plaintiff appealed.

The transcript of the record is certified to by the clerk and contains an extract or relation of certain proceedings and

literal copies of the greater part of the proceedings had before the trial court. The appellees allege that the transcript of the record so prepared is incomplete.

As a general rule the appellant is obliged to include in the record that part of the proceedings which he considers essential for the purpose of the appeal. This, however, does not prevent this court from considering the parts of the record alleged to have been omitted or incompletely copied into the transcript in ruling on a motion to dismiss an appeal. See the cases of *Martínez et al.* v. *Martínez,* 29 P.R.R. 505, and *Cardé* v. *Echeandía,* 17 P.R.R. 303. As a matter of fact some proceedings which appear certified to in the abstract by the clerk have been added to the record at the instance of the appellees.

The second ground set up by the employees is of greater importance.

Sections 2 and 6 of Act No. 17 of March 11, 1915, read in part as follows:

"Section 2.—That the schedule of fees to be paid in future for services rendered by the secretaries . . . shall be as follows:
"P. For each certificate under seal_____ 0.25
"Q. For issuing copy of any document existing in the records including certificate when required, for each folio__ 0.20
"Section 6.—That each and every document or instrument required by this Act to bear an internal revenue stamp or stamps shall be null and void and shall not be admitted as evidence in a trial unless such stamps be attached thereto."

In this case there appears canceled by the clerk on one side of the certificate of the record an internal revenue stamp for 25 cents in compliance with subdivision P of said section 2. It is a case of a copy of the record made up of several proceedings to serve as a basis for appeal, and there is not the least doubt that the fees to be paid were those specified under subdivision Q of the said section.

Section 6 declares null and void a transcript of the record so certified for failure to affix internal revenue stamps in the

corresponding proportion. In the case of *Delgado* v. *Cárdenas,* 34 P.R.R. 233, it was said that the case must be governed by that of *Nazario* v. *Santos,* 27 P.R.R. 83, citing also the case of *Paz* v. *Bonet,* 30 P.R.R. 860, and it was held that when the required revenue stamps are not affixed to a notice of appeal the notice is void and the appeal will be dismissed, if compliance with that requirement is not made before the time within which to appeal expires.

The appellant, however, alleges that in the present case it is not a question of a jurisdictional period and invokes the discretion of this court for leave to cure the defect by affixing to the certificate of the clerk the required internal revenue stamps. However, section 6 of Act No. 17 of 1915 establishes a legal sanction of a mandatory character. The effect of the failure to pay the fees in internal revenue stamps in the amount fixed by the law is the same as if the transcript had not been filed in this court. Therefore, as there is no basis for the appeal, the motion of the appellees must be sustained and the appeal dismissed.